IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COU
DENVER, COLORADO

JAN 3 1 2011

GREGORY C. LANGHA
CLEF

Civil Action No. 10-cv-02506-BNB

RICHARD S. McINTOSH,

      Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,
HARLEY G. LAPPIN,
JOYCE CONLEY,
MICHAEL K. NALLEY,
RONNIE WILEY,
BLAKE R. DAVIS,
SARA M. REVELL,
W.A. SHERROD,
RANDY J. DAVIS,
RUSSEL RAU,
MS. NELSON, Associate Warden,
DONALD HUDSON,
MR. HARMON, Captain,
MR. SPROUL,
BUDDY J. ADELSBERGER,
E.A. STEPP,
MS. K. FLUCK,
GERALD BOZMAN,
MARTA SANTIAGO,
UNIT MANAGER FROM GREENVILLE 2006-2008, and
PARTIES UNKNOWN,

      Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Richard S. McIntosh, is in the custody of the United States Bureau of

Prisons (BOP) and currently is incarcerated at the United States Penitentiary

Administrative Maximum in Florence, Colorado.  Mr. McIntosh initiated this action by

filing a *pro se* Prisoner Complaint pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). He has been granted leave to proceed *in forma pauperis* with payment of an initial partial filing fee.

The Court must construe the Complaint liberally because Mr. McIntosh is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. McIntosh will be ordered to file an Amended Complaint.

The Court has reviewed Mr. McIntosh's Complaint and finds that the Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule

2

8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. McIntosh fails to set forth a short and plain statement of his claims showing that he is entitled to relief. Mr. McIntosh fails to articulate clearly what specific claim or claims he is asserting against each named Defendant and he fails to provide specific factual allegations in support of his claims. Instead, Mr. McIntosh sets forth an extended and unnecessary discussion of often insignificant details and legal argument in support of his claims rather than providing "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). As a result, the Court finds that the Complaint is verbose and confusing. For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

Mr. McIntosh, therefore, will be directed to file an Amended Complaint that asserts constitutional violations and complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Mr. McIntosh is directed that the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

The Complaint suffers from other deficiencies.  Mr. McIntosh may not sue the Federal Bureau of Prisons in a *Bivens* action.  *See Correctional Services Corp. v. Malesko*, 534 U.S. 61, 66 (2001); *Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1231 (10th Cir. 2005).  Mr. McIntosh also must name specific defendants in the caption who are responsible for the alleged constitutional deprivations and demonstrate how each named defendant personally participated in the asserted claims in the text of the Complaint.  Personal participation is an essential allegation in a civil rights action.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).

To establish personal participation, Mr. McIntosh must show that each defendant caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A named defendant may not be held liable merely because of his or her supervisory position.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. McIntosh further is instructed that to state a claim in federal court his Amended "[C]omplaint must explain what each defendant did to him [   ]; when the defendant did it; how the defendant's action harmed him [   ]; and, what specific legal right [he] believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492  F.3d 1158, 1163 (10th Cir. 2007).  Accordingly, it is

4

ORDERED that **within thirty days from the date of this Order** Mr. McIntosh file

an Amended Complaint that complies with this Order.  It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. McIntosh, together

with a copy of this Order, two copies of the Prisoner Complaint form.  It is

FURTHER ORDERED that if Mr. McIntosh fails to comply with this Order within

the time allowed, the Complaint and the action will be dismissed without further notice

DATED January 31, 2011, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02506-BNB

Richard S. McIntosh
Reg No. 02012-028
US Penitentiary ADX
P.O. Box 8500
Florence, CO 81226

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on January 31, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
Deputy Clerk