IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 17 2011

GREGORY C. LANGHAM
                    CLERK

Civil Action No. 10-cv-02506-BNB

RICHARD S. McINTOSH,

     Plaintiff,

v.

HARLEY G. LAPPIN,
JOYCE CONLEY,
MICHAEL K. NALLEY,
RONNIE WILEY,
BLAKE R. DAVIS,
SARA M. REVELL,
W.A. SHERROD,
RANDY J. DAVIS,
RUSSEL RAU,
MS. NELSON,
DONALD HUDSON,
MR. HARMON,
MR. SPROUL,
BUDDY J. ADELSBERGER,
E.A. STEPP,
MS. K. FLUCK,
GERALD BOZMAN,
MARTA SANTIAGO,
UNIT MANAGER FROM GREENVILLE 2006-2008,
MS. KRIST, and
PARTIES UNKNOWN, involved in a "validation" process,

     Defendants.

## ORDER OF DISMISSAL

Plaintiff, Richard S. McIntosh, is in the custody of the United States Bureau of Prisons (BOP) and currently is incarcerated at the United States Penitentiary Administrative Maximum in Florence, Colorado. Mr. McIntosh initiated this action by filing a *pro se* Prisoner Complaint pursuant to 28 U.S.C. § 1331 and *Bivens v. Six*

***Unknown Named Agents of Fed. Bureau of Narcotics***, 403 U.S. 388 (1971). He has been granted leave to proceed *in forma pauperis* with payment of an initial partial filing fee.

On January 31, 2011, Magistrate Judge Boyd N. Boland determined that the complaint was deficient because it failed to comply with Fed. R. Civ. P. 8 and also failed to allege the personal participation of all named Defendants. Therefore, Magistrate Judge Boland ordered Mr. McIntosh to file an amended complaint, which he submitted on February 25, 2011.

The Court must construe the amended complaint liberally because Mr. McIntosh is not represented by an attorney. **See *Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). If the amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." ***Hall***, 935 F.2d at 1110. However, the Court should not act as an advocate for *pro se* litigants. **See *id.*** For the reasons set forth below, the amended complaint will be dismissed.

The Court has reviewed the 76-page, single-spaced, amended complaint Mr. McIntosh filed on February 25, 2011, and finds that the pleading again fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. As Magistrate Judge Boland previously informed Mr. McIntosh, the twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if

2

proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. McIntosh asserts five claims in the Second Amended Complaint, which is rambling, confusing and verbose. Mr. McIntosh names twenty-one different defendants located at several different facilities as parties to this action. In his first claim, Mr. McIntosh provides a confusing and complex time line of events that begins in 2000 and continues into the present regarding two criminal prosecutions and a disciplinary proceeding brought against Mr. McIntosh for killing another prisoner. During the time line presented in the first claim, Mr. McIntosh was transferred several times between three federal facilities in different states, and he asserts that he was incarcerated in the "control unit" at each facility. Mr. McIntosh alleges, *inter alia*, that multiple defendants at different facilities failed to provide him with due process hearings prior to transferring

him and at the intervals required to keep him in the control unit. Mr. McIntosh asserts violations of his Fifth Amendment right to due process in addition to violations of BOP policy statements.

In his first claim, Mr. McIntosh also alleges that the defendants were trying to validate him as a gang member of the Aryan Brotherhood from 1999 until 2008, but that he was not actually validated as a member until 2010, when he arrived in Florence, Colorado. It is not clear what relevance this allegation has to the other allegations in the first claim. Mr. McIntosh also repeatedly and confusingly references other sections and pages of the Amended Complaint. As a result, his first claim is nearly impossible to understand. Likewise, his four other claims are also incredibly difficult to read and decipher, because Mr. McIntosh includes so many different allegations and claims against multiple defendants at three different facilities.

Mr. McIntosh fails to understand his responsibility to present his claims in a manageable format that allows the Court and the Defendants to know what claims are being asserted and to be able to respond to those claims. Mr. McIntosh has failed to present his claims in such a format, because he has failed to state his claims in a clear, succinct, and factual manner. Mr. McIntosh's Amended Complaint fails to comply with Rule 8 because it does not a present "short and plain statement" of his claims showing that Mr. McIntosh is entitled to relief.

The Court notes that Mr. McIntosh may have meritorious claims in his Amended Complaint. Nonetheless, because any meritorious claim is inextricably intertwined with numerous other vague, conclusory or meritless claims, in this case, the Court is unable to separate the potentially meritorious claims from those without merit.

4

Mr. McIntosh also fails to show clearly the personal participation of each named Defendant in the asserted claims. As Magistrate Judge Boland pointed out in the January 31, 2011, order for an amended complaint, personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. McIntosh must show that each Defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant, such as Warden Sara M. Revel or Warden W.A. Sherrod, may not be held liable on a theory of respondeat superior. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983).

In the January 31, 2011, order for an amended complaint, Magistrate Judge Boland informed Mr. McIntosh that, in order to state a claim in federal court, his amended "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." **Nasious v. Two Unknown B.I.C.E. Agents**, 492 F.3d 1158, 1163 (10th Cir. 2007). Mr. McIntosh has failed to do so.

A decision to dismiss a pleading pursuant to Rule 8 is within the trial court's sound discretion. **See Atkins v. Northwest Airlines, Inc.**, 967 F.2d 1197, 1203 (8th Cir. 1992); **Gillibeau v. City of Richmond**, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the Amended Complaint does not meet the requirements of Rule 8 and must be dismissed. The Court notes that the dismissal is without prejudice. Therefore,

Mr. McIntosh may pursue his claims by initiating a new action that complies with the pleading requirements of Fed. R. Civ. P. 8.  Accordingly, it is

ORDERED that the Amended Complaint and action are dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to comply with Rule 8 of the Federal Rules of Civil Procedure.  It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this 17th day of March, 2011.

BY THE COURT:

_____
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02506-BNB

Richard S. McIntosh
Reg No. 02012-028
US Penitentiary ADX
P.O. Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on March 17, 2011.

GREGORY C. LANGHAM, CLERK

By:    _____
        Deputy Clerk