IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 0 5 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-02506-ZLW

RICHARD S. McINTOSH,

    Plaintiff,

v.

HARLEY G. LAPPIN,
JOYCE CONLEY,
MICHAEL K. NALLEY,
RONNIE WILEY,
BLAKE R. DAVIS,
SARA M. REVELL,
W.A. SHERROD,
RANDY J. DAVIS,
RUSSEL RAU,
MS. NELSON,
DONALD HUDSON,
MR. HARMON,
MR. SPROUL,
BUDDY J. ADELSBERGER,
E.A. STEPP,
MS. K. FLUCK,
GERALD BOZMAN,
MARTA SANTIAGO,
UNIT MANAGER FROM GREENVILLE 2006-2008,
MS. KRIST, and
PARTIES UNKNOWN, involved in a "validation" process,

    Defendants.

## ORDER DENYING MOTION TO RECONSIDER

Plaintiff, Richard S. McIntosh, filed *pro se* on March 29, 2011, a Motion to Reconsider, requesting that the Court reconsider and vacate the Order of Dismissal and the Judgment filed in this action on March 17, 2011. The Court must construe the

Motion liberally because Mr. McIntosh is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Mr. McIntosh filed the Motion to Reconsider within twenty-eight days after the Order of Dismissal and the Judgment were entered in the instant action. The Court, therefore, finds that the Motion to Reconsider is filed pursuant to Rule 59(e). *See* Fed. R. Civ. P. 59(e).

The three major grounds that justify reconsideration are: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Upon consideration of the motion to reconsider and the entire file, the Court concludes that Mr. McIntosh fails to demonstrate that any of the grounds justifying reconsideration exist in his case.

Mr. McIntosh initiated this action by filing a *pro se* Prisoner Complaint pursuant to 28 U.S.C. § 1313 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) on October 14, 2010. He was granted leave to proceed *in forma pauperis* by order dated November 4, 2010, and paid an initial partial filing fee on January 25, 2011.

2

On January 31, 2011, Magistrate Judge Boland determined that the Complaint was deficient because it did not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and failed to allege the personal participation of each named Defendant. Magistrate Judge Boland directed Mr. McIntosh to submit an Amended Complaint, which he filed on February 25, 2011.

On March 17, 2011, the Court found that Mr. McIntosh's Amended Complaint again failed to comply with Rule 8 of the Federal Rules of Civil Procedure. The Court noted that the Amended Complaint consisted of 76-pages of single-spaced allegations, and that it was rambling, confusing, and verbose. The Court also found that Mr. McIntosh failed to provide a short and plain statement of his claims showing that he was entitled to relief and that he failed to show clearly the personal participation of each named Defendant. Therefore, the Court dismissed the action for failure to comply with Rule 8. Judgment also entered on March 17, 2011.

In the Motion to Reconsider, Mr. McIntosh denies that the Amended Complaint is confusing and asserts that he attempted to comply with Rule 8 of the Federal Rules of Civil Procedure. He also asserts that he attempted to make the Amended Complaint as "orderly" as possible. Nonetheless, Mr. McIntosh's Amended Complaint is extremely verbose, complex, and unwieldy. Because Mr. McIntosh repeatedly and confusingly references other sections and pages of the Amended Complaint in each of his claims, the claims are generally impossible to understand.

Magistrate Judge Boland warned Mr. McIntosh that it was his responsibility to present his claims in a manageable format that allows the Court and the Defendants to know what claims are being asserted and to be able to respond to those claims. Mr. McIntosh failed to present his claims in such a format because he failed to state his claims in a clear, succinct, and factual manner. Accordingly, the Court again finds that the Amended Complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure. Mr. McIntosh has not asserted any of the major grounds that would justify reconsideration in his case, and the Motion to Reconsider will be denied. *See Servants of the Paraclete*, 204 F.3d at 1012.

Mr. McIntosh is reminded that the instant action was dismissed without prejudice, and he may, if he desires, seek to file a new action. Accordingly, it is

ORDERED that the "Motion to Reconsider Dismissal of Civil Action No. 10-cv-2506-ZLW," filed on March 28, 2011 (Doc. # 19), is DENIED.

DATED at Denver, Colorado, this __5th__ day of ___April___, 2011.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02506-BNB

Richard S. McIntosh
Reg No. 02012-028
US Penitentiary ADX
P.O. Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on April 5, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk